UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

ADG, LLC, dba GREAT EXPRESSIONS
DENTAL CENTERS,

    Plaintiff/Counter-Defendant,            Case No. 11-cv-15534-RHC-PJK
                                                      Hon. Robert H. Cleland

v.

JAMES N. WHITE, an individual,

    Defendant/Counter-Plaintiff.

---

| Jeffrey D. Wilson (P56376) | Nicole L. Thompson (P64786) |
| --- | --- |
| DEVANEY JACOB WILSON, PLLC | 22461 Wildwood St. |
| 3001 W. Big Beaver Rd, Ste. 624 | St. Clair Shores, MI 48081 |
| Troy, MI  48084 | (517) 980-2274 |
| (248) 649-0990; Fax (248) 649-7155 | thomps74@hotmail.com |
| jeff@djwlawfirm.com | *Attorney for Defendant / Counter-Plaintiff* |
| *Attorneys for Plaintiff / Counter-Defendant* | |

---

## **STIPULATED PROTECTIVE ORDER**

        This matter comes before the Court upon consent of the parties, and the Court being advised that pursuant to discovery during the course of the above-captioned lawsuit, Plaintiff, ADG, LLC, dba Great Expressions Dental Centers, and/or Defendant, James N. White, may be required to disclose confidential and/or proprietary commercial information within the meaning of Fed. R. Civ. P. 26(c), including, but not necessarily limited to, Defendant's medical records, and that a protective order pursuant to Rule 26(c) is necessary in this case to prevent unnecessary disclosure or dissemination of such confidential information and for good cause shown, the Court hereby enters this Stipulated Protective Order, finding it appropriate under the circumstances.  Accordingly,

**IT IS HEREBY ORDERED:**

1. Until further Order of this Court, no information, deposition testimony or documents, including copies thereof (or any contents, portions, summaries, digests, compilations or extracts thereof), produced pursuant to Fed. R. Civ. P. 26, in response to discovery requests served by the parties hereto upon another, or by any non-party in response to a party subpoena, which is designated "Confidential," shall be disclosed in any way, directly or indirectly, in any form, to anyone other than in connection with this case, and then only to the following persons:

   a. the Court and its staff assigned to this case;

   b. the parties (whether or not dismissed at any time);

   c. outside counsel of record in this case and their respective shareholders, partners, associates, legal assistants, and staff employees who are involved in this case;

   d. general counsel for any of the parties and their respective associates, legal assistants, and staff employees who are involved in this case;

   e. officers, directors, employees, accountants and agents of the parties, or affiliated companies, who are assisting or dealing with counsel of record or general counsel;

   f. independent experts, investigators, consultants, and the like, retained by any party in connection with this litigation;

   g. witnesses disclosed and persons to be deposed by any party but only to the extent necessary to prepare such person for their respective and expected testimony and/or cross examination in discovery and/or at trial; or

   h. persons deemed by counsel of record, whether or not a party, witness or deponent, necessary to effectively represent their respective client(s) in this litigation;

2. This Stipulated Protective Order:

   a. shall only apply to those specific documents that are designated as Confidential as set forth above;

   b. shall apply to documents obtained by the parties or their respective counsel from non-parties via subpoena;

   c. shall not apply to documents of the parties not otherwise covered under Paragraph 1 hereof; and

   d. shall not apply to documents obtained by the parties or their respective counsel from sources independent of and not otherwise affiliated with any of the parties to this case.

  3. Any person who is permitted by counsel to view and/or retain a copy of any document covered by this Stipulated Protective Order shall be provided with a copy of this Stipulated Protective Order and shall, by receiving a copy of same and viewing and/or retaining such document, agrees to be bound by the terms hereof and shall acknowledge the same in writing with a copy to opposing counsel.

  4. It is the intent of the parties and the Court that this Stipulated Protective Order shall comply with, and conform to, the provisions of the Health Insurance Portability and Accountability Act ("HIPAA") and other state and federal laws, including without limitation laws governing the confidentiality of medical information.

  5. All Protected Health Information ("PHI"), as that term is defined under HIPAA and the regulations enacted pursuant to said Act, received, disclosed, or otherwise made available to any party in this Action pursuant to any discovery requests, subpoena or under Fed. R. Civ. P. 26 shall be subject to the provisions of this Stipulated Protective Order.

  6. All protected health information disclosed by either party shall be used for the sole purpose of preparing for or conducting this litigation, including, but not limited to investigation, consultation, discovery, depositions, trial preparation, trial, appeal, resolution, mediation, or uses incidental to the proceeding in the case and shall not be disclosed or revealed to anyone not authorized by this Stipulated Protective Order.

  7. In addition to the protections afforded Confidential information or documents under this Stipulated Protective Order, a producing party may designate any Confidential information or documents which it further reasonably believes constitutes a trade secret or other

highly confidential commercial information, the disclosure of which to the other party or public would cause the producing party harm, as "Attorneys' Eyes Only" or by otherwise so designating sections of deposition transcripts or answers to interrogatories that contain such "Attorneys' Eyes Only."

8. Information designated as Attorneys' Eyes Only shall be subject to all of the restrictions, limitations and conditions pertaining to Confidential information, and in addition, information designated as Attorneys' Eyes Only shall be viewed only by outside counsel and their expert witnesses and expert consultants retained by counsel and court reporters required to transcribe designated testimony.

9. At the conclusion and final disposition of this litigation, either party shall have the right to request in writing that all such documents covered by this Stipulated Protective Order either be returned to that party who shall have produced the same or destroyed provided such written request shall be made within forty-five (45) days following such conclusion and final disposition; otherwise, the right to a return or destruction of such document shall be deemed waived.

10. At any time, any party may apply to this Court for an Order excluding specific documents from the protection of this Stipulated Protective Order.

11. Notwithstanding paragraph 2(d) hereof, any documents obtained by the parties or their respective counsel form sources independent of and not otherwise affiliated with any of the parties to this case, shall only be used for purposes of this litigation and none other.

12. The inadvertent or unintentional disclosure by any party of Confidential information or information subject to the attorney client privilege, work product privilege or any other privilege or protection provided by law, either by way of document production or deposition testimony or exhibit thereto, regardless of whether the information was so designated

at the time of disclosure, shall not be deemed a waiver in whole or in part of the party's claim of confidentiality or privilege, either as to the specific information disclosed or as to any other information relating thereto on the same or related subject matter. Upon notice of any inadvertent or unintentional disclosure, the receiving party shall return said documents and things and all copies immediately, and shall not use any privileged documents or information in connection with this litigation.

13. Any violation of this Stipulated Protective Order, whether or not intentional or otherwise, by anyone having knowledge thereof, may subject that person or entity to imposition of an appropriate sanction, in the discretion of the Court, as within or authorized by any statute, rule, or inherent power of the Court, or as otherwise provided by law.

Dated: 2/22/2012                                    SO ORDERED

                                                    s/Robert H. Cleland
                                                    U.S. DISTRICT COURT JUDGE

APPROVED AS TO FORM AND SUBSTANCE:

 /S/ *JEFFREY D. WILSON*                            /s/ *Nicole L. Thompson*
Jeffrey D. Wilson (P56376)                          Nicole L. Thompson (P64786)
**DEVANEY JACOB WILSON, PLLC**                      22461 Wildwood St.
3001 W. Big Beaver Rd, Ste. 624                     St. Clair Shores, MI 48081
Troy, MI  48084                                     (517) 980-2274
(248) 649-0990; (248) 649-7155 (fax)                thomps74@hotmail.com
jeff@djwlawfirm.com                                 *Attorney for Defendant / Counter-Plaintiff*
*Attorneys for Plaintiff / Counter-Defendant*

-6-

**CERTIFICATE OF SERVICE**

I hereby certify that on 2/22/2012, I electronically filed the foregoing document with the Clerk of the Court using the ECF system.

By:   s/Lisa Wagner
       Lisa Wagner, Case Manager